IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV130

CHRISTOPHER D. ELLERBE,            )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )
                                    )            **O R D E R**
BOYD BENNETT et al.,                )
                                    )
        Defendants.                 )
                                    )

**THIS MATTER** comes before the Court on Defendant Harris and Campbell's Motion to Dismiss (Doc. NO. 27) and Plaintiff's letters regarding the unexecuted summons upon Ms. Santa Lucia . (Doc. Nos. 34 and 35).

On March 22, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against twenty-eight defendants. (Doc. No. 1). By Order dated July 20, 2010, this Court dismissed eleven defendants and ordered service on the remaining seventeen. (Doc. No. 10). On October 15, 2010, fifteen of the seventeen defendants filed an Answer and two defendants, Harris and Campbell filed a Motion to Dismiss the Complaint based on deficiencies with service of process. (Doc. Nos. 26 and 27). On October 27, 2010, this Court granted Plaintiff's motion to amend to reflect that the actions attributed to Nurse Stevens in his Complaint should be attributed to Nurse Santa Lucia and directed that the United States Marshal make service of process on Nurse Santa Lucia. (Doc. No. 29). A review of the record reveals that on November 18, 2010 the United States Marshal filed a receipt for service of process indicating that he was unable to effectuate service on Ms. Santa Lucia as she "no longer works at DOC - Lanesboro; was contract

1

employed." (Doc. No. 33).  The record also reflects that the U.S. Marshal was unable to effectuate service as to Defendant Campbell (Doc. No. 18) as she is not longer employed at Lanesboro.  The receipt for service of process indicates that the Marshal needs a current address before further service can be attempted.  (Doc. No. 18).  The record indicates that service was effectuated with respect to Defendant Harris.  (Doc. No. 13).

Plaintiff has filed two letters with the Court expressing concern that the United States Marshal was unable to effectuate service upon Ms. Santa Lucia.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 120 days after the Complaint is filed, the Court must dismiss the Complaint without prejudice or order that service be made within a specified time.  The rule also allows the Court to extend the time for service if plaintiff shows good cause for the failure. Fed. R. Civ. Pro. 4(m).  Plaintiff has shown good cause to extend the time for service of process as the deficiencies regarding service of process described herein are not the fault of the Plaintiff.  Therefore, the Court will direct the Superintendent of Lanesboro Correctional Institution to file a document within twenty (20) days from the date of this Order stating whether Nurse Santa Lucia is still employed by the Department of Corrections ("DOC"), whether at Lanesboro or another DOC facility.  If she is now employed at a different DOC facility, the Superintendent shall indicate which facility.  If she is no longer employed at any DOC facility, the Superintendent shall provide a forwarding address  and shall file such document under seal.

Defendants Harris and Campbell are represented by counsel with respect to the instant Motion to Dismiss.  Counsel moves to dismiss Defendants Harris and Campbell due to lack of service of process.  The summons was returned unexecuted as to Ms. Campbell because she no longer works at Lanesboro. (Doc. No. 18).   As to Ms. Harris, the summons was returned

executed (Doc. No. 13), but counsel argues that service was insufficient as the person who accepted service on behalf of Defendant Harris was not authorized to do so. Thus, Defendants contend that because they have not been served with process, they should be dismissed from this action.

The Court directed the United States Marshal to make service of process on Defendants Campbell and Harris. (Doc. No. 1). Such service was not effectuated with respect to Defendant Campbell, and although service was accepted at Lanesboro Correctional Institution for Defendant Harris, such service was insufficient as the person who accepted service on her behalf was not authorised to do so. Defendants' counsel contends that Defendants Campbell and Harris are not Department of Corrections Employees, but worked as short-term contract nurses at Lanesboro Correctional Institution. Plaintiff cannot be faulted with the deficiencies regarding service of process cited by Defendants as he is in prison and did not personally serve the Defendants. Instead, the Court directed such service on his behalf as provided for pursuant to 28 U.S.C. § 1915(d). Therefore, the Court directs counsel for Defendants Harris and Campbell to file a document within twenty (20) days, under seal, providing an address at which Defendants' Harris and Campbell may be served. Alternatively, counsel may accept service on their behalf.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Dismiss (Doc. No. 27) is DENIED;

(2) The Clerk shall serve a copy of this Order on the Superintendent of Lanesboro Correctional Institution and Ms. Elisa Cyre, counsel for Defendants Harris and Campbell;

(3) The Superintendent of Lanesboro Correctional Institution shall, within twenty (20) days of the filing of this Order, file a document in this Court, stating whether

Nurse Santa Lucia remains employed by the Department of Corrections ("DOC"), whether at Lanesboro or another DOC facility. If she is now employed at a different DOC facility, the Superintendent shall indicate which facility. If she is no longer employed at any DOC facility, the Superintendent shall provide a forwarding address and shall file such document under seal;

(4) Counsel for Defendants Campbell and Harris shall file a document under seal within twenty (20) days providing an address at which Defendants Campbell and Harris can be served. Counsel may also accept service on their behalf but must so inform the Court within twenty (20) days if that is her intention;

(5) The Clerk of Court, upon receipt of the documents identifying addresses for Defendants Harris, Campbell and Santa Lucia, shall issue summons for each defendant and deliver it forthwith to the United States Marshal who will make service of process without additional cost.

Signed: January 31, 2011

Robert J. Conrad, Jr.
Chief United States District Judge