UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV130

CHRISTOPHER ELLERBE,                    )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        **O R D E R**
                                        )
BOYD BENNETT, et al.,                   )
                                        )
        Defendants.                     )
_____)

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File an

Amended Complaint and Motion for an Injunction.  (Doc. Nos. 73 and 74).

On March 22, 2010, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against

twenty-eight defendants alleging numerous violations of his constitutional rights.  (Doc. No. 1).

On July 20, 2010, this Court dismissed eleven defendants and ordered service on the remaining

seventeen defendants.  (Doc. No. 10).  All defendants have now filed an Answer and on

September 15, 2011, the non-medical Defendants filed a Motion for Summary Judgment.  (Doc.

No. 77).  Plaintiff has until October 24, 2011 to file a response to Defendants' Motion for

Summary Judgment.  (Doc. No. 81).  The remaining Defendants have until October 3, 2011 to

file a dispositive motion.  (Doc. No. 71).

Plaintiff has filed a Motion for Leave to Amend (Doc. No. 73) and a proposed amended

complaint (Doc. No. 79).  Plaintiff seeks leave to amend "clarifying per each defendant which

constitutional violation is attributed per each defendant; in order to prevent any ambiguity of the

issues . . . ."  (Doc. No. 73 at 1).

Under Rule 15(a)(2), after the time for amending a complaint as a matter of course has

1

expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires, id., and should be denied only when the amendment is offered in bad faith, is prejudicial or would be futile. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Forman v. Davis, 371 U.S. 178 (1962)).

Plaintiff filed the instant motion for leave to amend just prior to the non-medical Defendants filing their Motion for Summary Judgment. Having considered the Motion for Summary Judgment, the Defendants have not argued that they are in need of any clarification regarding Plaintiff's claims. Indeed, Defendants could have, but did not, file an Motion for A More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Therefore, Plaintiff's Motion for Leave to Amend his Complaint is DENIED. Plaintiff's proposed amended complaint (Doc. No. 79) will not be considered.

Next, Plaintiff filed a Motion for an Injunctive Order seeking to have this Court direct the Superintendent of the facility at which Plaintiff is housed to provide Plaintiff with legal materials to properly litigate the instant civil action. (Doc. No. 74). Specifically, Plaintiff seeks legal books and access to a word processor. Alternatively, Plaintiff seeks a Court Order appointing him counsel. (Id. at 4). Plaintiff argues, in support of his motion, that the Administrator of the facility at which he is housed, is violating his rights by denying him access to the Courts due to his failure to provide him with legal material in order to litigate this case.

The right of access to the courts is protected by the Due Process and Equal Protection Clauses, and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977). The Sixth Amendment "requires prison authorities to assist inmates in the

preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. However, a state need not provide both law libraries and advisors. Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978). Indeed, law libraries are not required so long as the State has established an attorney assistance program, which North Carolina has done.[1] Bounds, 430 U.S. at 828 (1977); Smith v, Bounds, 813 F.2d 1299, 1301-02 (4th Cir. 1987). Plaintiff has not amended his Complaint to include an access to the Court's claim. Even if he had, such a claim would fail as North Carolina has complied with the requirements of Bounds by establishing North Carolina Legal Services. Plaintiff is not entitled to the legal materials he has requested. Therefore, Plaintiff's motion for an Injunctive Order seeking to have this Court direct the Superintendent of the facility at which Plaintiff is housed to provide Plaintiff with legal materials is denied.

Plaintiff's alternative request for the appointment of counsel (Doc. No. 74) is also denied. This is Plaintiff's third such request. (Doc. Nos. 2 and 5). Plaintiff's current motion for the appointment of counsel is denied for the reasons stated in this Court's previous Order denying Plaintiff's motions for the appointment of counsel (Doc. No. 10).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1)    Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 73) is DENIED and Plaintiff's proposed amended complaint (Doc. No. 79) will not be considered:

(2)    Plaintiff's Motion For An Injunctive Order to Provide Access to the Courts and Legal Material (Doc. No. 74) is DENIED.

---

[1] Plaintiff originally alleged that North Carolina Prisoner Legal Services violated his constitutional rights when it declined to represent him with regard to the allegations that form the basis of this case. The undersigned dismissed this claim on initial review. (Doc. No. 10).

(3)     Plaintiff's Motion for the Appointment of Counsel (contained within Doc. No. 74) is DENIED.


**SO ORDERED**.


Signed: September 28, 2011


Robert J. Conrad, Jr.
Chief United States District Judge